**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUFINO LIGARIO HERNANDEZ,<br><br>                    Petitioner,<br><br>v.<br><br>MARK WAYNE MULLIN, et al.,<br><br>                    Respondents. | No. 8:26-cv-00585-JAK (ADSx)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION (DKT. 11)** |

1

On March 16, 2026, Rufino Ligario Hernandez ("Petitioner"), filed a petition for writ of habeas corpus. Dkt. 1 ("Petition"). On March 17, 2026, Petitioner filed a Motion for Temporary Restraining Order. Dkt. 6 ("TRO Motion"). On March 24, 2026, after the TRO Motion was fully briefed, the TRO Motion was granted, and Respondents were ordered to release Petitioner from custody. Dkt. 11 at 14 ("TRO Order"). Respondents were also ordered to show cause ("OSC") why a preliminary injunction should not be issued. *Id.*

On March 24, 2026, Respondents filed their response to the OSC. Dkt. 12. Respondents confirmed that Petitioner was released from custody, as required by the TRO Order. *Id.* at 2. Respondents contend that, as a result, the request for the issuance of a preliminary injunction is moot. *Id.* On April 2, 2026, Petitioner filed his response to the OSC. Dkt. 13. He contends that a preliminary injunction should issue because he faces an "ongoing threat of re-detention" that "constitutes a continuing injury sufficient to defeat mootness." *Id.* at 2.

"A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries." *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987). "A request for injunctive relief remains live only so long as there is some present harm left to enjoin." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (quoting *Taylor v. Resol. Tr. Corp.*, 56 F.3d 1497, 1502 (D.C. Cir. 1995)). Thus, a request for a preliminary injunction becomes moot once the plaintiff has "obtained the relief he sought." *Hogue v. Yordy*, 796 F. App'x 955, 955 (9th Cir. 2020).

In the immigration habeas context in particular, "release with supervision [i]s an action that moots a habeas petition." *Panosyan v. Mayorkas*, 854 F. App'x 787, 788 (9th Cir. 2021). In *Abdala v. INS*, the Ninth Circuit held that "a petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his

2

extended detention.'" 488 F.3d 1061, 1064 (9th Cir. 2007) (quoting *Riley v. INS*, 310 F.3d 1253, 1256–57 (10th Cir. 2002)).

In his Petition, Petitioner sought the following remedies: (1) a declaration that Petitioner's "ongoing prolonged detention" violated due process; (2) an order requiring release from custody or the provision of a "bond hearing that complies with constitutional due process"; and (3) an award of attorney's fees and costs. Dkt. 1 at 9. The TRO Motion sought what was substantively identical relief. Dkt. 6-1. As noted, Petitioner has been released from custody, which is a return to the status quo ante prior to his detention. Therefore, the injuries that Petitioner asserted as a result of his prolonged detention were "fully resolved by release from custody," and "successful resolution of [the] pending claims could no longer provide the requested relief." *Nsinano v. Barr*, 808 F. App'x 554, 555 (9th Cir. 2020) (quoting *Abdala*, 488 F.3d at 1065) ("A due-process based challenge to . . . prolonged detention without a bond hearing . . . is moot because [the petitioner] has since been released from immigration custody on bond").

Petitioner's arguments to the contrary are based on the premise that he faces an "immediate threat of re-detention" if Respondents are not preliminary enjoined from re-detaining him without a "constitutionally adequate bond hearing." Dkt. 13 at 3–4. Petitioner cites no evidence or caselaw to demonstrate that the threat of re-detention is imminent, as opposed to speculative. *See Lund v. Cowan*, 5 F.4th 964, 968–69 (9th Cir. 2021) ("Simply put, speculative suppositions, far-fetched fears, or remote possibilities of recurrence cannot overcome mootness."); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013) (a "threatened injury" must be "certainly impending" to confer standing). Moreover, Petitioner does not distinguish his claims or injuries from *Abdala*, which held that a "petitioner's release from detention under an order of supervision 'moot[ed] his challenge to the legality of his extended detention.'" *Abdala*, 488 F.3d at 1064 (quoting *Riley*, 310 F.3d at 1256–57)).

For the foregoing reasons, Petitioner's release from detention provided to him the same relief as what he sought through the issuance of a preliminary injunction. Therefore, his request for a preliminary injunction is **MOOT**, and the OSC is **DISCHARGED**. Whether the underlying Petition is moot based on the release of Petitioner is a matter that may be considered consideration during subsequent proceedings, if any, before Magistrate Judge Spaeth.

**IT IS SO ORDERED.**

Dated:  April 6, 2026

John A. Kronstadt
United States District Judge

4